OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and matter remanded to the court below for a new trial limited to the issue of damages.
In this action to recover damages for personal injuries sustained in a motor vehicle accident, the court awarded plaintiff summary judgment on the issue of liability and a trial was held on the issue of damages. The jury found that plaintiffs injuries were causally related to the subject automobile accident and that plaintiff sustained a medically determined injury or impairment of a nonpermanent nature, which prevented him from performing his usual and customary activities for not less than 90 days during the 180 days immediately following the accident (see Insurance Law § 5102 [d]). Ultimately, a judgment was entered in favor of plaintiff in the principal sum of $290,000.
At trial, the court excluded evidence and testimony pertaining to plaintiffs alleged prior injuries and treatment on the ground that defendant followed improper disclosure procedures. We find that this was prejudicial error and reverse.
In response to a disclosure demand, plaintiff provided, inter alia, an authorization that complied with the Health Insurance Portability and Accountability Act (HIPAA) for all of the records of Dr. Slukhinsky, whom he saw two days after the subject accident but with whom he had apparently been treating for prior injuries. Dr. Slukhinsky provided her records for the treatment rendered following the accident, but refused to comply with a subpoena for her records for the treatment rendered *93 prior to the accident. According to plaintiff’s attorney, Dr. Slukhinsky subsequently provided the records for prior treatment when defendants’ law firm provided a HIPAA compliant authorization specifically authorizing disclosure of those records. The record reflects that the court and counsel for both parties agreed that this authorization appeared to have been altered.
To the extent that an unidentified individual may have altered an authorization, the exclusion of evidence was not the appropriate remedy under the facts of this case. CPLR 3103 authorizes a court, on motion, to suppress information that was improperly obtained if a substantial right of a party is prejudiced. We find that plaintiff was not prejudiced by defendants’ receipt of his prior medical records. Plaintiff claimed injuries to his neck and right shoulder under the 90/180-day category of Insurance Law § 5102 (d), thereby putting his physical condition at issue and waiving the physician-patient privilege (see Koump v Smith, 25 NY2d 287, 294 [1969]), with respect to all relevant injuries, including those to his lower back. Furthermore, he had previously authorized Dr. Slukhinsky to release all of his records. In fact, in opposition to a discovery motion made by defendants, plaintiffs attorney responded to defendants’ allegation that he had not provided an authorization for the records of his treatment with Dr. Slukhinsky prior to the accident by stating that an authorization had been provided. Plaintiff did not move for a protective order (see CPLR 3103), nor did he or Dr. Slukhinsky move to quash the subpoena for the subject records.
We therefore reverse the judgment, insofar as appealed from, and remand this matter to the lower court for a new trial limited to the issue of damages, consistent with this decision.
In view of the foregoing, we need not reach defendants’ remaining contentions.
Golia, J.P, Rios and Steinhardt, JJ., concur.